In re J.B.S. MANAGEMENT
CORP., Debtor.

FEDERAL DEPOSIT INSURANCE
CORP., Plaintiff,

v.

J.B.S. MANAGEMENT
CORP., Defendant.

Bankruptcy No. 893–83769–022.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

March 14, 1994.

Nathanson, Devack & Memmoli by Nicholas P. Otis, Franklin Square, NY.

Stecker, Gutman, Morrissey & Murray by John M. Murray, New York City.

### DECISION AND ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

EDWARD J. RYAN, Bankruptcy Judge.

*DECISION AND ORDER*

This matter came on for trial on January 6, 1994, on the motion of the Federal Deposit Insurance Corporation ("FDIC") for relief from the automatic stay of 11 U.S.C. § 362.

The property which was the subject of this motion is approximately 10 acres of unimproved waterfront land on Long Island.

11 U.S.C. § 362 requires the movant show that J.B.S. Management Corp. (the "debtor") has no equity in the property. 11 U.S.C. § 362(g)(1). The evidence adduced was not of such quality that the court could determine the current value of the real estate and decide whether the debtor lacks equity.

The court finds:

The debtor is the owner of an unimproved parcel of real property that consists of approximately 10 acres situated on the north shore of Long Island in Brookhaven, New York.

The debtor's property has approximately 220 feet fronting the shore of Long Island overlooking Long Island Sound.

The debtor's property is encumbered by a mortgage now held by the FDIC as receiver for the Mechanics and Farmers Savings Bank, which has a current unpaid balance owed on it of $774,692.80.

Waterfront and waterview properties sell for substantially greater amounts of money than do interior properties that are not on water or have a view of water.

The appraisals submitted to the Court to establish the value of the debtor's property

were both based on the sales comparison method.

The movant's appraisal prepared by R.D. Geronimo Ltd. used no comparable sales involving waterfront or waterview properties in arriving at its value of the debtor's property.

Most of the movant's comparable sales were of properties in the middle of Long Island between the north and south shores.

The appraisal submitted by the debtor to establish the value of its property used mostly waterfront and waterview comparable sales properties and were all on or near the north shore of Long Island.

The movant's appraiser did not factor in the topography of the debtor's property in determining which future homes would have waterviews.

The movant's appraiser did not verify all of its information on its comparable sales with the purchasers of those properties, which is normally done by appraisers.

Whatever value there was in the movant's appraisal was seriously diminished (if not eliminated) by the proof that the appraiser's view of the subject property on his on-site tour had failed to note that a seawall which he had identified as existing had been washed away long before his viewing of the site.

The debtor's property is unimproved at present and not subject to deterioration as to value.

The court states the following conclusions of law:

■ The FDIC has the burden of proof that the debtor has no equity in its property.

■ The value of the debtor's property has not been established by the FDIC.

The facts found and conclusions stated are in substance those proposed by the debtor.

■ The court is aware that the Supreme Court has mandated that a trial court not blindly accept a party's proposed findings of fact and conclusions of law. *United States v. Marine Bancorporation, Inc.*, 418 U.S. 602, 94 S.Ct. 2856, 41 L.Ed.2d 978 (1974); *United States v. El Paso Natural Gas Co.*, 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).

However, when the proposed findings are supported by the evidence presented and when the proposed conclusions are agreeable with the law, no useful purpose would be served by rewriting the same. Fed.R.Civ.P. 52; Fed.R.Br.P. 7052; *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Motion denied without prejudice.

It Is So Ordered.